# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIE JONES (#573876)**            **CIVIL ACTION NO.**

**VERSUS**            **21-372-BAJ-EWD**

**CHARLES GOODEN, ET AL.**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on February 25, 2022.

                                           **ERIN WILDER-DOOMES**
                                           **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIE JONES (#573876)**                      **CIVIL ACTION NO.**

**VERSUS**                                     **21-372-BAJ-EWD**

**CHARLES GOODEN, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss ("Motion"),[1] filed by Tim Hooper ("Defendant"). The Motion is opposed.[2] As Plaintiff Willie Jones ("Jones") has failed to provide sufficient facts to support his claims against Defendant, it is recommended that the Motion be granted. However, it is further recommended that Jones be given leave to amend to provide additional facts to support his claims against Defendant, if possible.

**I. Background**

Jones, who is representing himself and is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, brought this suit under 42 U.S.C. § 1983 against Charles Gooden ("Gooden") and Defendant. Jones alleges that Gooden used excessive force against him on June 20, 2020, when Gooden administered chemical agent on Jones, notwithstanding that Jones was compliant and that Gooden was aware Jones has a non-chemical duty status. As to Defendant, the current Warden of LSP, Jones alleges that Hooper "has failed to remedy ongoing violations of which he has been aware or should have been aware due to the numerous ARP/s and/or suits previously filed."[3] Jones seeks declaratory, injunctive, and monetary relief.[4] Defendant is sued

---

[1] R. Doc. 8.
[2] R. Doc. 11.
[3] *See* R. Doc. 1, p. 10.
[4] R. Doc. 1, pp. 4-5.

only in his official capacity,[5] and Jones has confirmed that he does not seek monetary damages from Defendant, but only declaratory and injunctive relief.[6]

## II. Law & Analysis

### A. Standard of Review

In *Bell Atlantic Corp. v. Twombly*,[7] and *Ashcroft v. Iqbal*,[8] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[12] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[13]

---

[5] R. Doc. 1, pp. 1 and 6.
[6] *See*, R. Doc. 11, p. 2 ("Mr. Jones does not seek damages against Warden Hooper; but does seek declarative relief against Hooper because he is now responsible for instituting training, supervision and enforcing polices on use of chemical mace at the LSP facility.") and p. 3 ("Mr. Jones has not sought to assert a 'freestanding claim' for declarative relief; but seek [sic] the declarative relief only as a prerequisite for this Honorable Court to fashion injunctive relief narrowly tailored to ameliorate conditions it has found violate the constitution *necessary* to prevent or deter future acts of excessive force.") (emphasis in original).
[7] 550 U.S. 544 (2007).
[8] 556 U.S. 662 (2009).
[9] *Twombly,* 550 U.S. at 555.
[10] *Iqbal,* 556 U.S. at 678, quoting *Twombly*, 550 U.S. 544.
[11] *Id.*
[12] *Id.* at 679.
[13] *Id.* at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[14] Further, "[a] document filed by an unrepresented party is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[15] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[16] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[17] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[18] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[19]

### B. Defendant is Not Entitled to Qualified Immunity

Though Defendant asserts that he is entitled to qualified immunity,[20] Jones seeks only injunctive and declaratory relief against Defendant in his official capacity.[21] Qualified immunity does not shield officials acting in their official capacities from injunctive and declaratory relief.[22] Accordingly, Defendant is not entitled to qualified immunity.

### C. Jones's Claims against Defendant for Declaratory Relief are Subject to Dismissal

The claim for declaratory relief arises under the federal Declaratory Judgment Act ("DJA").[23] Pursuant the DJA, "any court of the United States, upon the filing of an appropriate

---

[14] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[15] *Id.* (citation omitted).
[16] Fed. R. Civ. P. 8(a)(2).
[17] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[18] *Papasan v. Allain*, 478 U.S. 265, 286 (1986)
[19] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).
[20] R. Doc. 8-1, pp. 3-6.
[21] *See* R. Docs. 1 & 11, p. 2 ("Mr. Jones does not seek damages against Warden Hooper; but does seek declarative relief against Hooper because he is now responsible for instituting training, supervision and enforcing polices on use of chemical mace at the LSP facility.").
[22] *See Leggett v. Duke*, 279 Fed.Appx. 301, 303 (5th Cir. 2008) ("qualified immunity is not a defense to claims for declaratory and injunctive relief").
[23] 28 U.S.C. § 2201(a).

3

pleading, may declare the rights and other legal relations of any interested party seeking such declaration."[24]  "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[25]  "In analyzing whether to decide or dismiss the declaratory judgment suit, ... a federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."[26]

Although Jones's declaratory judgment action is justiciable, and this Court has the authority to grant the requested relief, the Court should exercise its discretion to dismiss the claims for declaratory relief.  Courts have declined to exercise their discretion to decide declaratory judgment actions where deciding that action would be redundant in light of the affirmative causes of action before the Court.[27]  A declaratory judgment action is redundant for this reason if resolution of the affirmative claims and counter-claims before the Court would resolve all questions that the declaratory judgment action raises.[28]  As pointed out by Defendant,[29] Jones does not distinguish his claims for declaratory relief from his claims for injunctive relief.  Rather, granting the injunctive relief requested requires a finding that Defendant violated Jones's constitutional right to be free from cruel and unusual punishment.  Jones also admits in his opposition memorandum that he seeks "the declarative relief only as a prerequisite for this

---

[24] *Id.*
[25] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).
[26] *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003), citing *Rowan Cos., Inc v. Griffin*, 876 F.2d 26, 26 (5th Cir. 1989).
[27] *See Fisher v. Beers*, No. 13-6632, 2014 WL 3497572, at *4 & n. 2 (E.D. La. July 14, 2014) (noting that "[n]umerous courts…have declined to entertain claims for declaratory relief when plaintiffs would get nothing from a declaratory judgment that they would not get from prevailing on their breach of contract claims") (internal quotations and citations omitted)).
[28] *Centex Homes v. Lexington Ins. Co.*, No. 13-719, 2014 WL 1225501, at *14 (N.D. Tex. March 24, 2014).
[29] R. Doc. 8-1, pp. 7-8.

4

Honorable Court to fashion injunctive relief."[30]  Because the Court does not need to award declaratory relief to award injunctive relief,[31] which appears to be the sole reason Jones is requesting declaratory relief, it is proper to dismiss the claim for declaratory relief with prejudice.

### D. Although Jones has Failed to State a Claim for Injunctive Relief Against Defendant, He Should Be Given Leave to Assert Additional Facts, if Possible

Supervisory officials may be held liable under § 1983 only if they actively participate in acts that cause the constitutional violation or implement unconstitutional policies that cause plaintiff's injury.[32]  Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is, alone, not enough to state a claim under §1983.[33]  As the underlying constitutional violation, Jones alleges that he was sprayed with chemical agent without reason; *i.e.*, force was used against Jones for the sole purpose of causing pain, rather than for any penological purpose, and against his non-chemical duty status, of which Gooden was aware.[34]  Because, assuming the allegations of the Complaint as true, Gooden used chemical agent against Jones maliciously, rather than in a good faith effort to restore discipline, Jones has stated a claim against Gooden for an Eighth Amendment violation.[35]  Thus, the only question to be resolved at this stage is whether

---

[30] R. Doc. 11, p. 3.
[31] The prerequisites for permanent injunctive relief include (1) that the plaintiff has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Aspen Tech., Inc. v. M3 Tech., Inc.*, 569 Fed.Appx. 259, 272-73 (5th Cir. 2014).
[32] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).
[33] *See Iqbal*, 556 at 676, citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability.").
[34] R. Doc. 1, p. 8.
[35] Although Jones has not alleged specific facts to establish an injury related to the use of force, other than the conclusory statement that he suffered needless injury and endured needless pain and suffering both physical and mental (R. Doc. 1, p. 12), the United States Supreme Court made clear in *Wilkins v. Gaddy*, 559 U.S. 34, 38-39 (2010), that the core inquiry is the nature of the force and specifically stated that concluding "that the absence of 'some

5

Jones has stated enough facts to demonstrate that *Defendant* may be liable for the constitutional violation.

### i. Policy or Custom

Individual supervisory officials may be held liable for implementing a policy that is itself a repudiation of constitutional rights and was the moving force behind a constitutional violation. The plaintiff must identify the specific policy and explain how the policy amounted to denial of constitutional rights such that the policy was the moving force behind the alleged violation.[36] Jones does not argue that Defendant is responsible for any written policy, or that there is a written policy governing the improper use of chemical agent against inmates at LSP. When there is no written policy, only an unstated rule or policy, a plaintiff must show that the challenged acts or omissions were sufficiently extended or persistent, or otherwise typical of extended or persistent misconduct by other officials, to prove an intended condition or practice.[37]

When there is a risk to inmate health or safety that is so longstanding and persistent that prison officials must have been aware of this danger, a plaintiff may state a claim based upon the existence of a custom or unstated policy.[38] Jones's conclusory allegations, such as the "excessive

---

arbitrary quantity of injury' requires automatic dismissal of an excessive force claim improperly bypasses this core judicial inquiry." *Id.* (courts must focus on the nature of the force applied, rather than a certain quantum of injury); s*ee also*, *Bangmon v. Lance*, No. 18-19, 2019 WL 5653731, at *5 (S.D. Tex. Oct. 30, 2019) (recognizing that the focus of the excessive force inquiry is on the amount of force used, not the quantum of injury). Though a lack of more than *de minimis* injury may eventually preclude Jones's recovery of compensatory damages (*see* 42 U.S.C. § 1997e), it does not preclude recovery of nominal or punitive damages. *Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007) (collecting cases). To recover nominal or punitive damages, a plaintiff must establish a violation of his constitutional rights. Additionally, to recover punitive damages, a plaintiff is required to establish that the defendant violated his constitutional rights with "evil intent" or "callous indifference." *See Allen v. Stadler*, 201 Fed.Appx. 276 (5th. Cir. 2006), citing *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th. Cir. 2003).

[36] *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Spiller v. City of Texas City Police Department*, 130 F.3d 162, 167 (5th Cir. 1997).

[37] *See Estate of Henson v. Wichita Cty., Tex.*, 795 F.3d 456, 465 (5th Cir. 2015), quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 645 (5th Cir. 1996) (internal quotation marks omitted). Jones

[38] Though often discussed in cases involving pretrial detainees, a supervisory official may also be liable under § 1983 for customs or unstated policies in place at institutions that house convicted prisoners. *See Adames v. Perez,* 331 F.3d 508, 511-512 (5th Cir. 2003) (discussing treatment of a convicted inmate noting that if the risk to inmate health or

spraying of mace is a common practice at L.S.P.,"[39] and that numerous grievances and suits have been filed regarding the unnecessary use of chemical spray,[40] are insufficient to establish that the risk to inmate health or safety was so longstanding and pervasive that Defendant must have been aware of this danger.[41]  Because Jones has not alleged facts sufficient to demonstrate that the unnecessary use of chemical spray was so longstanding and pervasive that Defendant must have been aware of it, nor that Defendant was actually aware of it, Jones has failed to state a federal claim;[42] however, it is recommended that Jones be given leave to amend his Complaint to provide additional facts as to Defendant's knowledge, if possible.[43]

---

safety was so longstanding and pervasive that the official had to have been aware of the danger, then subjective knowledge of the serious risk may be found).  A plaintiff may rely on circumstantial evidence to indicate a defendant was subjectively aware of a risk to inmate health or safety.  *Id.* at 512.  Acceptable circumstantial evidence may include evidence that "the risk to inmate health or safety was so longstanding and pervasive that the official must have been aware of this danger."  *Id.,* citing *Farmer*, 511 U.S. at 842-43.

[39] R. Doc. 1, p. 11.

[40] R. Doc. 1, p. 10.

[41] *See Doughty v. Vannoy*, No. 20-117, 2020 WL 6054930, at *4 (M.D. La. Sept. 25, 2020) (finding that conclusory allegations of microwaves being used for attacks were insufficient to demonstrate a custom); *Washington v. Cain*, No. 10-18, 2010 WL 3724516, at *4 (M.D. La. Aug. 17, 2010) (the fact that the warden's office may have processed administrative grievances was insufficient to alert the warden to a potential constitutional claim); *Brooks v. Bell*, No. 17-18, 2019 WL 1110132, at *1 (E.D. Tex. March 9, 2019) (broad and conclusory allegations that defendants must have known of the alleged constitutional violations insufficient to state a claim against supervisory officials).

[42] *See Johnson v. Epps*, 479 Fed.Appx. 583, 590-91 (5th Cir. 2012) (discussing the necessity that a supervisor be subjectively aware of a constitutional violation to bring a claim for injunctive relief); *Bernard v. Cain*, No. 16-12, 2016 WL 6662740 at *2 (M.D. La. Oct. 6, 2016) (requiring subjective knowledge regardless of the relief sought—"the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief."); *Lewis v. Cain*, No. 15-318, 2021 WL 1219988, at *19-20 (M.D. La. March 31, 2021) (discussing subjective knowledge requirement when only injunctive relief is sought).

[43] Jones has not put forth any allegations regarding actual knowledge of Jones, and although an inmate may rely on circumstantial evidence to demonstrate knowledge, for example, by showing that the conduct or occurrences were "'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,'" *see Anderson v. Wilkinson*, 440 Fed.Appx. 379, 381–82 (5th Cir. 2011), citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), conclusory allegations will not suffice.  *See also, Taylor v. Williams*, 715 Fed.Appx. 332, 337 (5th Cir. 2017), citing *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).  For example, for circumstantial evidence to demonstrate pervasiveness, Jones can give additional information regarding other inmates he believes have also been subjected to unnecessary use of chemical spray, including the details and dates of those incidents.  To the extent Jones claims "ranking officials" have ignored the outcome of suits involving the unnecessary use of chemical spray on inmates (R. Doc. 1, p. 11), Jones can cite to particular cases to support this statement, and whether Defendant is one of those officials.

7

### ii. Failure to Train or Supervise

Jones's failure to train or supervise claim against Defendant is also subject to dismissal. To hold a defendant supervisor liable on a theory of failure to train or supervise, the plaintiff must show (1) the supervisor either failed to supervise or train the subordinate official, (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.[44] Conclusory allegations of failure to train or supervise are insufficient to set out a constitutional claim.[45] "Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference."[46] A supervisory official is deliberately indifferent only when the inadequate training is so obvious that a constitutional violation would almost always result.[47] Indeed, a plaintiff alleging a failure to train must show a pattern of similar violations.[48] Jones's claim against Defendant for failure to train or supervise suffers from the same deficiencies as his claim regarding the existence of a policy or custom—he has failed to allege with sufficient specificity a pattern of similar violations such that the inadequate training was so obvious that a constitutional violation would almost always result. Accordingly, this claim is also subject to dismissal, with a recommendation for leave to amend.

Although Jones has failed to sufficiently state facts to survive a motion to dismiss with respect to his claims against Defendant at this juncture, "[o]rdinarily, a *pro se* litigant should be

---

[44] *Prado v. Grounds*, No. 14-130, 2015 WL 7574761, at *3–4 (E.D. Tex. Oct. 5, 2015), *report and recommendation adopted*, 2015 WL 7575915 (E.D. Tex. Nov. 25, 2015), (citing *Brauner v. Coody,* 793 F.3d 493, 501 (5th Cir. 2015)); *Burge v. St. Tammany Parish,* 336 F.3d 363 (5th Cir.2003), *cert. denied,* 540 U.S. 1108 (2004).
[45] *Id.,* citing *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir .2005).
[46] *Thompson v. Upshur County,* 245 F.3d 447, 459 (5th Cir. 2010).
[47] *Sewell v. LeBlanc*, No. 11-780, 2012 WL 528217, at *3 (M.D. La. Jan. 26, 2012), *report and recommendation adopted*, 2012 WL 528197 (M.D. La. Feb. 16, 2012).
[48] *Thompson,* 245 F.3d at 459*; Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 383 (5th Cir. 2005).

offered an opportunity to amend his complaint before it is dismissed."[49]  "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[50]  With regard to this claim, it is not certain that Jones has pled his "best case" against Defendant regarding the unnecessary use of chemical spray at LSP.  If Jones does have facts to establish that Defendant was actually aware of such incidents or that such incidents were sufficiently longstanding and persistent, he may be able to state a claim.  Accordingly, Jones's claims against Defendant should be dismissed without prejudice to the right to file an amended complaint that cures, if and where possible, the deficiencies outlined in the Report.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion to Dismiss, filed by Timothy Hooper, be **GRANTED**, that the claims for declaratory relief be **DISMISSED WITH PREJUDICE,** and that the claims against Timothy Hooper for injunctive relief resulting from Eighth Amendment violations arising from customs and practices at LSP and/or for Hooper's failure to train and/or supervise officers be **DISMISSED WITHOUT PREJUDICE** to Jones's right to file within twenty-one (21) days of a ruling adopting this Report and Recommendation, an amended complaint that cures, if and where possible, the deficiencies identified with respect to this claim. If Jones fails to amend his Complaint within the timeframe provided, it is recommended that his claim for injunctive relief against Timothy Hooper also be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on February 25, 2022.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[49] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. App'x. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[50] *Id*.