UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE JONES (#573876)                           CIVIL ACTION

VERSUS

CHARLES GOODEN, ET AL.                           NO. 21-00372-BAJ-EWD

## RULING AND ORDER

Before the Court is a **Motion to Dismiss (Doc. 8)** filed by Defendant Tim Hooper. The Motion is opposed. (Doc. 11). The Magistrate Judge has issued a **Report and Recommendation (Doc. 21)**, urging that the Court dismiss Plaintiff's claims for declaratory relief against Hooper for failure to allege sufficient facts in the Complaint but to provide Plaintiff leave to amend the Complaint to provide additional facts to support his claims for injunctive relief resulting from alleged Eighth Amendment violations. Plaintiff filed objections to the Magistrate Judge's Report (Doc. 22). The Magistrate Judge recommends the following.

Among the defenses asserted by Hooper is the doctrine of qualified immunity. Here, the Magistrate Judge recommends that the Court deny Defendant's assertion of the defense. (Doc. 21, p.4). Plaintiff seeks only injunctive and declaratory relief against Defendant in his official capacity. (Docs. 1 & 11). The United States Court of Appeals for the Fifth Circuit has held that qualified immunity does not shield officials acting in their official capacities from injunctive and declaratory relief. *See Leggett v. Duke*, 279 Fed. Appx. 301, 303 (5th Cir. 2008) ("qualified immunity is not a defense

to claims for declaratory and injunctive relief").

Second, the Magistrate Judge recommends that the Court grant Defendant's motion to dismiss Plaintiff's claims for declaratory relief. (Doc. 21, p. 6). Plaintiff does not distinguish his claims for declaratory relief from his claims for injunctive relief. Moreover, Plaintiff seeks "[declaratory] relief only as a prerequisite for this Honorable Court to fashion injunctive relief." (Doc. 11, p. 3). A declaratory judgment action is redundant where the affirmative claims and counterclaims before the Court would resolve all questions that arise in the declaratory relief action. *Centex Homes v. Lexington Ins. Co.*, No. 13-719, 2014 WL 1225501, at *14 (N.D. Tex. March 24, 2014). Declaratory relief is not a prerequisite for injunctive relief; therefore, the Court has no reason to award Plaintiff declaratory relief. Accordingly, Plaintiff's claims for declaratory relief are dismissed with prejudice.

Third, the Magistrate Judge recommends that the Court grant Defendant's motion to dismiss Plaintiff's claims for injunctive relief for implementing a policy that is a repudiation of constitutional rights. (Doc. 21, p. 7). The Fifth Circuit has held that a plaintiff must identify the specific policy at issue and explain how that policy amounted to denial of constitutional rights such that it was the moving force behind the alleged violation. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Spiller v. City of Texas City Police Department*, 130 F.3d 162, 167 (5th Cir. 1997). However, when there is a risk to inmate health or safety that is so longstanding and persistent that prison officials must have been aware of the danger, a court may conclude that a plaintiff may have properly stated a claim challenging a custom or unstated policy.

*See Adames v. Perez*, 331 F.3d 508, 511-512 (5th Cir. 2003).

Here, Plaintiff alleges that the excessive spraying of mace is a common practice at Louisiana State Penitentiary and that numerous grievances and lawsuit have been filed regarding the use of chemical agents. (Doc. 1, p. 10-11). The Magistrate Judge determined, and the Court agrees, that Plaintiff's conclusory allegations are insufficient to established that the risk to inmate health or safety was so longstanding and pervasive that Defendant must have been aware of the danger. (Doc. 21, p. 8).

Finally, the Magistrate Judge recommends that the Court grant Defendant's motion to dismiss Plaintiff's claims for injunctive relief for failure to train or supervise. (Doc. 21, p. 9). The Fifth Circuit has instructed that to hold a defendant supervisor liable on a theory of failure to train or supervise, the plaintiff must show that (1) the supervisor either failed to supervise or train the subordinate official, (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Brauner v. Coody*, 793 F.3d 493, 501 (5th Cir. 2015). Conclusory allegations of failure to train or supervise are insufficient to set out a constitutional claim. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005).

The Magistrate Judge determined, and the Court agrees, that Plaintiff's claim against Defendant for failure to train suffers from the same deficiencies as his policy or custom claim. (Doc. 21, p. 9). As currently pleaded, the Complaint fails to allege with specificity a pattern of similar violations such that the alleged inadequate training was so obvious that a constitutional violation would almost always result.

3

Having carefully considered Plaintiff's Complaint and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's claim against Defendant Timothy Hooper for declaratory relief be and is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant Timothy Hooper for injunctive relief resulting from Eighth Amendment violations arising from customs and practices at Louisiana State Penitentiary and/or for Defendant's failure to train and/or supervise officers be and are hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to file, within 21 days of this ruling, an amended complaint that cures, if and where possible, the deficiencies identified herein.

Baton Rouge, Louisiana, this 29th day of March, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**