# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIE JONES (#573876)**                              **CIVIL ACTION NO.**

**VERSUS**                                                       **21-372-BAJ-EWD**

**CHARLES GOODEN, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 28, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIE JONES (#573876)**  CIVIL ACTION NO.

**VERSUS**  21-372-BAJ-EWD

**CHARLES GOODEN, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are two Motions for Leave of Court to Amend Complaint ("Motions to Amend")[1] and an "Order Requesting Leave to Reply to Rule 12(b)(6) Motion" ("Reply Motion"), filed by Willie Jones ("Plaintiff"), who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. Also before the Court is a Motion to Dismiss,[2] filed by Defendant Tim Hooper. It is recommended that the first Motion to Amend be denied as moot; the second Motion to Amend be denied in part, dismissing Plaintiff's claims against Hooper from this proceeding with prejudice and declining to allow Plaintiff to amend to add claims against Keenan Letcher; that the Reply Motion be denied as moot; and that Hooper's Motion to Dismiss be denied as moot.

### I.  BACKGROUND & PROCEDURAL HISTORY

Plaintiff filed this suit under 42 U.S.C. § 1983 against Charles Gooden ("Gooden") and Tim Hooper ("Hooper"). Plaintiff alleges an excessive force claim against Gooden based on a June 20, 2020 incident in which Gooden sprayed Plaintiff with chemical agent, notwithstanding that Plaintiff was compliant and that Gooden was aware Plaintiff has a non-chemical duty status. Plaintiff's claims against Hooper arise from an alleged unstated custom or policy regarding the

---

[1] With the first Motion to Amend, Jones appears to have inadvertently left out the proposed filing (R. Doc. 24), so he refiled the Motion to Amend with the proposed filing. R. Doc. 25.
[2] R. Doc. 30.

unnecessary use of chemical spray and/or a failure to train and/or supervise. Plaintiff sought only declaratory and injunctive relief against Hooper,[3] but his claims for declaratory relief were previously dismissed with prejudice by this Court.[4] Plaintiff's claims for injunctive relief against Hooper resulting from Eighth Amendment violations arising from customs and practices at LSP and/or for Hooper's failure to train and/or supervise officers were previously dismissed without prejudice.[5] Plaintiff was given an opportunity to amend his Complaint within 21 days to cure, if and where possible, the deficiencies of his claims for injunctive relief.[6]

**II.    LAW & ANALYSIS**

### A. Standard of Review

Courts should freely give leave when justice so requires.[7] While leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend."[8] In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment…."[9] Though Plaintiff has sought leave to file an amended complaint, his proposed amended complaint still fails to state a claim against Hooper for injunctive relief, such that Plaintiff's request to amend should be denied as to those claims, which should now be dismissed with prejudice.

---

[3] R. Docs. 1, pp. 4-5; 11, p. 2.
[4] R. Docs. 21 & 23.
[5] R. Doc. 23, p. 4.
[6] R. Doc. 23, p. 4.
[7] Federal Rule of Civil Procedure 15(a)(2).
[8] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).
[9] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981), quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962).

2

### B. Amendment of Plaintiff's Injunctive Relief Claims Against Hooper would be Futile

In Plaintiff's original Complaint, he alleged that Hooper "has failed to remedy ongoing violations of which he has been aware or should have been aware due to the numerous ARP/s and/or suits previously filed."[10] In dismissing Plaintiff's claim against Hooper, this Court noted that Plaintiff's claims against Hooper for injunctive relief resulting from Eighth Amendment violations arising from customs and practices at Louisiana State Penitentiary failed to state a claim because Plaintiff did not provide facts to indicate that the issue was so longstanding and pervasive that Hooper must have been aware of the danger.[11] The Court also found Plaintiff's claim against Hooper for failure to train and/or supervise officers failed to state a claim upon which relief could be granted because Plaintiff "failed to allege with sufficient specificity a pattern of similar violations such that the inadequate training was so obvious that a constitutional violation would almost always result."[12]

To state either claim, Plaintiff had to provide specific facts about other incidents like the chemical spray incident at issue sufficient to demonstrate that the unnecessary use of chemical spray is a pervasive occurrence. Though Plaintiff does note one other incident of chemical spray occurring with Keenan Letcher, as discussed below, two incidents occurred approximately one and a half years apart are not enough to show pervasiveness.[13] The rest of the allegations in the proposed amended complaint against Hooper merely restate in a conclusory fashion that "Defendants has [sic] a long standing, pervasive, well-documented, malicious use of chemical

---

[10] *See* R. Doc. 1, p. 10.
[11] R. Doc. 23, pp. 7-8.
[12] R. Doc. 23, pp. 9.
[13] *See Watkins v. Recreation and Park Com'n for City of Baton Rouge*, 594 Fed.Appx. 838, 841 (5th Cir. 2014) (discussing pervasiveness in the context of a title VII claim: three incidents occurring over nearly eight years were not pervasive; rather, they were isolated incidents). *See also Hagopian v. Joseph*, No. 16-602, 2019 WL 3409895, at *6 (S.D. Ill. April 15, 2019) ("a single incident – or even three incidents – do not suffice" to demonstrate pervasiveness in the prison context to find a custom).

weapons that were expressly noted by administrative officials in the past."[14]  Because the proposed amendment fails to cure the deficiencies previously explained by the Court, leave to amend should be denied, and all claims against Hooper should now be dismissed with prejudice.

The Court has also considered the facts alleged in Plaintiff's Reply Motion, but the allegations there suffer from the same deficiencies.[15]  Because leave was not required to file an opposition to the Motion to Dismiss and since this Court has considered the facts contained in the Reply Motion, leave to file that document should be denied as moot.  Additionally, Hooper's Motion to Dismiss should be denied as moot.[16]

### C.  Amendment Should Not be Allowed to Allege Facts against "Letcher"

Plaintiff asserts claims against Keenan Letcher ("Letcher") for the first time in the proposed amended complaint.[17]  There, Plaintiff alleges that on December 19, 2021, Letcher, acting without provocation, sprayed Plaintiff with chemical agent.[18]  This amendment should not be allowed because joinder of the claim against Letcher with the remaining claim in this action against Gooden would be improper.

Rule 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  If the claims arise out of the different occurrences and do not involve all

---

[14] R. Doc. 25-1, p. 10.
[15] R. Doc. 31.  The allegations in the Reply Motion reiterate conclusory allegations such as that Hooper has failed to ensure that policies in place are being enforced and that "Hooper's inadvertence amounted to deliberate indifference." R. Doc. 31, p. 3.  The Memorandum attached to the Reply Motion provides no additional useful facts.  R. Doc. 31-1. As stated above, these conclusory allegations are insufficient to state a claim, so even considering the Reply Motion and attached memorandum, Plaintiff has failed to cure the deficiencies previously noted by this Court.
[16] R. Doc. 30.  The Motion to Dismiss was unnecessary, as the claims against Hooper were not yet pending before this Court.  *See* R. Docs. 21 & 23.
[17] R. Doc. 25-1, p. 6.
[18] R. Doc. 25-1, p. 6.

4

defendants, joinder should not be allowed.[19]  The incident involving Letcher occurred approximately one and a half years after the incident with Gooden.[20]  Because these claims arise from wholly separate occurrences over a year apart, joinder is improper.[21]  Accordingly, the Court should decline to allow Plaintiff leave to amend to add claims against Letcher.[22]  Should Plaintiff want to pursue claims against Letcher, he should file his claims in a separate suit.[23]

### D. Amendment Should be Granted with Respect to the Claims against Gooden

To the extent the proposed amended complaint merely provides further detail regarding the chemical spray incident involving Gooden, the amendment should be allowed, as these facts are consistent with the facts previously allege against Gooden.[24]  Finally, the first Motion to Amend should be denied as moot because Plaintiff inadvertently failed to attach the proposed amended complaint to that motion.[25]

### RECOMMENDATION

**IT IS RECOMMENDED** that the following motions, filed by Plaintiff Willie Jones, be resolved as follows: the first Motion for Leave to Amend,[26] be **DENIED AS MOOT**; the second

---

[19] *Shafer v. Davis*, No. 2:20-CV-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[20] R. Docs. 25-1, pp. 6-7.  The incident with Gooden occurred on June 20, 2020.
[21] R. Doc. 25-1, pp. 6-7.  Allowing amendment to state a claim against Letcher in this action would also be futile because it would be subject to dismissal, as the claim could not have been exhausted at the time suit was filed since the incident occurred nearly six months after this action was filed.
[22] To further the purposes of the Prison Litigation Reform Act ("PLRA"), severing unrelated claims, even if involving some related defendants is often warranted because allowing several unrelated claims to proceed in one action would thwart the purposes of the PLRA. *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), *judgment entered*, 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and *aff'd*, 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).
[23] This should not be taken as an indication that Plaintiff's potential claims against Letcher are viable.
[24] *Jones*, 427 F.3d at 994.  Plaintiff asks for clarification as to whether his suit against Gooden is still viable.  The prior Report and Recommendation and Ruling and Order only addressed the Motion to Dismiss, filed by Defendant Timothy Hooper.  R. Docs. 21 and 23.
[25] R. Doc. 24.
[26] R. Doc. 24.

5

Motion for Leave to Amend[27] be **GRANTED IN PART AND DENIED IN PART**, allowing only amendment of the claims related to Gooden; the Clerk of Court be directed to file R. Doc. 25-1 as Plaintiff's first amended complaint; Plaintiff's Order Requesting Leave to Reply to Rule 12(b)(6) Motion[28] be **DENIED AS MOOT**; and Plaintiff's remaining claims against Tim Hooper be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss,[29] filed by Defendant Tim Hooper, be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on October 28, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] R. Doc. 25.
[28] R. Doc. 31.
[29] R. Doc. 30.