UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE JONES                                                    CIVIL ACTION

VERSUS

CHARLES GOODEN, ET AL.                          NO. 21-00372-BAJ-EWD

RULING AND ORDER

Before the Court is Defendant's **Motion For Summary Judgment (Doc. 106, the "Motion").** The Motion is opposed. (Doc. 109). Defendant filed a Reply Brief. (Doc. 110).

On February 24, 2025, the Magistrate Judge issued a **Report And Recommendation (Doc. 112, the "Report")**, recommending that the Court deny Defendant's Motion and dismiss Plaintiff's potential claim of deliberate indifference to a serious medical need. (*Id.* at 2). Plaintiff filed a timely Objection to the Report. (Doc. 113). Defendant also filed a timely Objection. (Doc. 114). For the reasons outlined below, the Court **APPROVES** the Magistrate Judge's Report and **ADOPTS** it as the Court's opinion in this matter.

I.    BACKGROUND

This is an excessive force case brought by Plaintiff, an individual incarcerated at the Louisiana State Penitentiary, against Defendant, a prison official. (*See* Doc. 1).

On June 20, 2020, after prison officials cited Plaintiff for a rule infraction, Defendant brought Plaintiff to the Investigative Segregation Unit, where Defendant ordered Plaintiff to submit to a strip search. (*See* Doc. 106-2 at 2; Doc. 106-7 ¶¶ 2–3;

Doc. 39 at 7; Doc. 106-3 at 9–12). Defendant contends that Plaintiff refused to comply with orders multiple times and that Defendant deployed a chemical agent against Plaintiff to gain compliance. (*See* Doc. 106-2 at 2; Doc. 106-7 ¶¶ 4–7).

Plaintiff, in his deposition, testified that he complied with Defendant's order, but Defendant nonetheless deployed the chemical agent against him. (*See* Doc. 106 - 3 at 12–14). In his Opposition, Plaintiff specified that he complied with Defendant's first order to submit to a strip search but turned around to face Defendant when Defendant made repeated requests to submit to an additional strip search. (*See* Doc. 109 ¶¶ 4–10). Plaintiff also contends that Defendant sprayed him with the chemical agent although Defendant knew that prison officials had granted Plaintiff a medical duty status forbidding the use of chemical agents against him. (*See* Doc. 39 at 8; Doc. 106-3 at 15–19).

Plaintiff sued under 42 U.S.C. § 1983, seeking monetary damages from Defendant in his individual capacity. (*See* Doc. 39 at 7). The Magistrate Judge liberally construed Plaintiff's Complaint and determined that Plaintiff also brought a claim of deliberate indifference to a serious medical need against Defendant. (*See* Doc. 112 at 8).

Defendant moves to dismiss the case via summary judgment, arguing the following: (1) Plaintiff's excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) Defendant is entitled to qualified immunity. (Doc. 106 ¶¶ 3–6).

The Report recommends that the Court deny Defendant's Motion because

Defendant failed to produce sufficient evidence to demonstrate that Plaintiff's excessive force claim is barred by *Heck v. Humphrey*. (Doc. 112 at 5). The Report further recommends that the Court find that Defendant is not entitled to qualified immunity because Plaintiff contests key facts regarding whether Defendant maliciously applied force to Plaintiff in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the United States Constitution. (*See id.* at 5–8). Finally, the Report recommends that the Court find that Plaintiff has not mustered sufficient evidence to support his potential deliberate indifference claim. (*See id.* at 8–9).

Both Plaintiff and Defendant filed timely objections to the Report, discussed in detail below. (Doc. 113; Doc. 114).

## II.    DISCUSSION

Defendant's sole argument in his Objection to the Report is that, based on Plaintiff's admissions in his Opposition to Defendant's Motion for Summary Judgment, there is no genuine dispute of material fact. (*See* Doc 114). Defendant did not object to the Report's recommendation that the Court find that Plaintiff's claim is not barred by *Heck v. Humphrey*. (*See id.*).

Plaintiff raised one argument in his Objection to the Report, contending that the evidence previously presented together with additional new evidence is sufficient to establish his deliberate indifference claim. (*See* Doc. 113).

The Court will address each argument in turn.

## A. Defendant's *Heck v. Humphrey* Challenge

First, Defendant initially contended in his Motion that Plaintiff could not proceed with his claim against Defendant because the Supreme Court's ruling in *Heck v. Humphrey* precludes Plaintiff from doing so. (*See* Doc. 106-2 at 4–6). Under *Heck*, an incarcerated individual may not "seek [] damages in a § 1983 suit" if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendant argued that because Plaintiff was convicted of "defiance" and "aggravated disobedience" in prison disciplinary proceedings based on the incident with Defendant, Plaintiff's claims against Defendant are barred by *Heck*. (*See* Doc. 106-2 at 4–6).

The Magistrate Judge found, however, that Defendant failed to present evidence of the elements of the offenses for which Plaintiff had been convicted in prison disciplinary proceedings. (*See* Doc. 112 at 5). As such, the Magistrate Judge could not find that Plaintiffs claim was barred by *Heck v. Humphrey*. (*Id.*). Defendant did not challenge this finding. (*See* Doc. 114).

28 U.S.C. § 636(b)(1) requires litigants to submit objections to a Magistrate Judge's report and recommendations within fourteen days of being served with a copy. "[W]here, as here, [a motion is] delegated to a magistrate judge, and the aggrieved party failed to file objections to the magistrate judge's report and recommendation, despite being notified of the consequences of a failure to so object, [the district court's] review is for plain error only." *See United States v. Huerta*, 770 F. App'x 169, 169–70 (5th Cir. 2019) (citing *Douglass v. United Servs. Auto. Assoc.*,

79 F.3d 1415 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)).

Having reviewed the record, the Court finds no plain error in the Magistrate Judge's determination that *Heck v. Humphrey* does not bar Plaintiff's claim. Therefore, the Court will **APPROVE** the Report and **ADOPT** the Magistrate Judge's finding that Plaintiff may continue to pursue his excessive force claim against Defendant.

### B. Defendant's Entitlement To Qualified Immunity

Second, Defendant invokes qualified immunity as a defense to Plaintiff's excessive force claim. (*See* Doc. 106-2 at 6–14). Defendant timely objected to the Magistrate Judge's recommendation that the Court find that Defendant is not entitled to qualified immunity. (Doc. 113).

To overcome a qualified immunity defense, a plaintiff must satisfy a "two-prong test," which consists of showing: (1) a constitutional violation under current law; and (2) that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). In assessing a defendant's conduct under this test, the central concept is one of "fair warning," or that the defendant was given reasonable warning that the conduct alleged violated constitutional rights. *Id.* (quoting *Kinney v. Weaver*, 367 F.3d 337, 349–50 (5th Cir. 2004) (en banc)).

In assessing whether an official's use of force violates the Cruel and Unusual

Punishments Clause of the Eighth Amendment to the United States Constitution, "'the core judicial inquiry' …[is] not whether a certain quantum of injury [has been] sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1990)).

The Report determined that there is a genuine dispute of material fact regarding whether Defendant maliciously and sadistically applied force against Plaintiff, because Plaintiff and Defendant's account of events vary dramatically. (*See* Doc. 112 at 7–8). In his Objection to the Report, Defendant argues that in Plaintiff's Opposition, Plaintiff "admits that [*sic*] objected to and resisted orders from Defendant to repeat portions of the strip search." (*See* Doc. 114 at 1). Defendant contends that because Plaintiff now concedes that "he was [*sic*] felt justified in objecting to and resisting [Defendant's orders] before [*sic*] chemical agent was used" there is now no genuine dispute of material fact regarding whether Defendant's use of force against Plaintiff was justified. (*See id.* at 1–2).

Defendant essentially contends that Plaintiff's most recent account of events as described in Plaintiff's Opposition is consistent with Defendant's version of events, such that a genuine dispute of fact no longer exists. The Court disagrees.

As previously noted, the Report found that Plaintiff and Defendant's account of events differed profoundly. The additional information provided in Plaintiff's Opposition does not significantly alter Plaintiff's original account of the incident.

6

Plaintiff originally reported that he complied with Defendant's first order to submit to a strip search. (*See* Doc. 106 - 3 at 12–14). In Plaintiff's Opposition, Plaintiff specified that he complied with Defendant's first order to submit to a strip search but turned around to face Defendant when Defendant subsequently made repeated requests to submit to an additional strip search. (*See* Doc. 109 ¶¶ 4–10).

In both instances, Plaintiff asserts that he complied with Defendant's order to submit to a strip search, which contradicts Defendant's contention that Plaintiff never complied with any of his orders until after Defendant deployed the chemical agent. The question of whether Plaintiff ever complied at all is central to this case because it will determine whether Defendant's use of force following numerous orders to submit to a strip search was justified. The drastically different accounts of the incident necessitate the finder of fact at trial to resolve this dispute. Therefore, the Court will **APPROVE** the Report and **ADOPT** the Magistrate Judge's finding that Defendant is not entitled to qualified immunity on his excessive force claim.

### C. Plaintiff's Deliberate Indifference Claim

The Magistrate Judge found that Plaintiff did not present any evidence of a medical duty status preventing the use of chemical agents and that Defendant affirmatively provided evidence that Plaintiff had no such medical restriction at the time of the incident. (Doc. 112 at 8–9).

Plaintiff, in his Objection to the Report, provided additional medical documents from Louisiana State Penitentiary and argued that these documents demonstrate that Plaintiff had a medical duty status forbidding the use of chemical agents against

him. (Doc. 113). The documents provided, however, do not indicate that Plaintiff had such a designation at the time of the incident. (*See id.*). Therefore, the Court will **APPROVE** the Report and **ADOPT** the Magistrate Judge's finding that Plaintiff has not provided sufficient evidence to maintain his deliberate indifference claim.

### III.    CONCLUSION

Having carefully considered Defendant's Motion (Doc. 6), Plaintiff's Opposition (Doc. 109), Defendant's Reply (Doc. 110), the Report (Doc. 112), Plaintiff's Objection to the Report (Doc. 113), and Defendant's Objection to the Report (Doc. 114), the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion (Doc. 106)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that this matter be and is hereby **REFERRED** to the Magistrate Judge for the issuance of a scheduling order.

Baton Rouge, Louisiana, this 30th day of June, 2025

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA